IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv219
(3:04cr223)

| | |
|---|---|
| MADISON DUANE McCRAE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon the Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 3); Motion to Be Allowed to Respond (Doc. No. 4); Motion for Discovery (Doc. No. 5); Motion for a Hearing (Doc. No. 6); Motion to Recuse Trial Judge and Sentencing Judge (Conrad) (Doc. No. 7); and Motion to Expand the Record (Doc. No. 8), all filed June 13, 2008.

Petitioner seeks to proceed without first paying fees or costs. (Doc. No. 3). A motion to vacate does not require a filing fee. Therefore, in forma pauperis status is not necessary to proceed with the case, and Petitioner's application will be denied as moot.

Next, Petitioner seeks permission (Doc. No. 4) to respond to the government's Answer to his Motion to Vacate. The government's Answer is due on or before June 25, 2008. The Local Rules of this Court allow, but do not require, a civil litigant to file a reply within seven days of being served by an opposing party's response to a motion. LCvR 7.1(E). Therefore, Petitioner's motion will be granted, provided that he complies with the Local Rules.

Habeas petitioners have no right to discovery. Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). Rule 6(a) of the Rules Governing Section 2255 Proceedings specifies that discovery may be allowed where a prisoner demonstrates good cause, that is, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (internal quotation marks and citations omitted). "Rule 6 does not sanction fishing expeditions based on a petitioner's conclusory allegations." Williams v. Bagley, 380 F.3d 932, (6th Cir. 2004) (internal quotation marks and citations omitted). Here, Petitioner seeks to depose the prosecutor and law enforcement with the hope of showing that they knew a witness lied. (Doc. No. 5). He seeks to depose his former counsel and review his files to show that counsel was unprepared and unresponsive to Petitioner's requests. He also seeks impeaching information about a witness. The Court finds that Petitioner has failed to establish that he is entitled to discovery; his requests are not grounded in facts but rather his speculative allegations about the intentions of the parties involved in his criminal case. Therefore, Petitioner's Motion for Discovery will be denied.

Title 28, United States Code, Section 2255(c) allows the Court to determine a motion to vacate without a hearing. At this point, the Court is without sufficient information to warrant granting a hearing. Accordingly, Petitioner's Motion for a Hearing (Doc. No. 6) will be denied. If the Court later determines a hearing is necessary to resolve Petitioner's claims, the parties will be notified.

Next, Petitioner seeks recusal of the undersigned based on alleged bias reflected in previous rulings and the view that the Court "is inherently biased" in deciding whether previous

rulings were correct. (Doc. No. 7: Motion at 1). The Fourth Circuit has recognized that "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Here, Petitioner has not articulated any facts to establish that the Court's impartiality might reasonably be questioned. Therefore, Petitioner's recusal motion will be denied.

Finally, Petitioner seeks to expand the record with documents attached to his motion. (Doc. No. 8). The Court will consider such documents in resolving the claims contained in his Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED that**:

(1) Petitioner's Application to Proceed Without Prepayment of Fees (Doc. No. 3) is **DENIED** as moot;

(2) Petitioner's Motion to be Allowed to Respond (Doc. No. 4) is **GRANTED**;

(3) Petitioner's Motion for Discovery (Doc No. 5) is **DENIED**;

(4) Petitioner's Motion for a Hearing (Doc. No. 6) is **DENIED**;

(5) Petitioner's Motion to Recuse (Doc. No. 7) is **DENIED**; and

(6) Petitioner's Motion for Leave to Expand the Record (Doc. No. 8) is **GRANTED**.

Signed: June 26, 2008

Robert J. Conrad, Jr.
Chief United States District Judge