UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cv-219-RJC
(3:04-cr-223-RJC-DCK-2)

| | |
|---|---|
| MADISON DUANE MCRAE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Or Correct Sentence, (Doc. No. 1); the Government's Answer and Motion for Summary Judgment, (Doc. Nos. 18 and 19); Petitioner Reply, (Doc. No. 23); and Petitioner's Motion for an Evidentiary Hearing, (Doc. No. 24). For the reasons stated herein, Petitioner's Motion to Vacate will be denied and dismissed and Respondent's Motion for Summary Judgment will be granted.

**I.     PROCEDURAL HISTORY**

On February 28, 2005, Petitioner was charged in four counts of a five-count Third Superseding Bill of Indictment with conspiracy to possess with intent to distribute cocaine and ecstasy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and (b)(1)(C) (Count One); possession with intent to distribute at least 500 grams of cocaine, and aiding and abetting same in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Count Two); conspiracy to import cocaine and ecstasy in violation of 21 U.S.C. §§ 963, 960(b)(1) and (b)(3) and 952(a) (Count Three); and importing at least 500 grams of cocaine and aiding and abetting same in

1

violation of 21 U.S.C. §§ 952(a) and 960(b)(1) and 18 U.S.C. § 2 (Count Four).  (Case No. 3:04cr223, Doc. No. 56: Second Superseding Bill of Indictment[1]).

One week before trial, Petitioner filed a motion to continue.  (Id. Doc. No. 120).  The Court denied Petitioner's motion on September 12, 2005, and Petitioner proceeded to a jury trial.  On September 14, 2005, at the conclusion of the trial, the jury found Petitioner guilty on all counts of the Indictment.  (Id. Doc. No. 133: Jury Verdict).  Additionally, with respect to the conspiracy counts, the jury found that the conspiracy involved at least five kilograms of a mixture and substance containing cocaine, and with respect to the possession and importation counts, the jury found that the offense involved 500 grams or more of a mixture and substance containing cocaine. (Id.)

On May 25, 2006, Petitioner and his counsel, Ann Shafer, appeared before the undersigned for a Sentencing Hearing.[2]  Petitioner was sentenced to 210 months on each count to run concurrently followed by five years of supervised release.  (Case No. 3:04cr223, Doc. No. 189: Judgment).  On June 9, 2006 Petitioner filed a timely notice of appeal.  (Id. Doc. No. 183) and asserted that: (1) the Court abused its discretion in denying a motion for continuance filed by Petitioner a week before trial; (2) the court incorrectly determined that five kilograms of cocaine were reasonably foreseeable to McRae's involvement in the conspiracy; and (3) the Court

---

[1] Although this document is entitled "Third Superseding Indictment," it is actually the third indictment and only the second *superseding* indictment.

[2] The history of Petitioner's representation is as follows: on January 13, 2006, the undersigned granted attorney Reggie McKnight's motion to withdraw as counsel and directed the Community Defender to designate new counsel.  (Doc. No. 158).  On January 18, 2006, attorney Richard Beam was appointed to represented Petitioner.  (Doc. No. 160).  On March 8, 2006, retained counsel, Ann Shafer, appeared as counsel of record for Petitioner.  (Doc. No. 168) and on May 24, 2006, the undersigned granted Mr. Beam's motion to withdraw as attorney. (Doc. No. 177).

abused its discretion in admitting character evidence in violation of Federal Rule of Evidence 404(b). On May 30, 2007, the Fourth Circuit Court of Appeals affirmed this Court's judgment, holding that this Court did not abuse its discretion in denying Petitioner's motion for a continuance, that the district court did not clearly err in finding that Petitioner was responsible for more than five kilograms of cocaine during the course of the conspiracy, and that evidence about Petitioner's past marijuana sales was admissible as evidence of Petitioner's state of mind and absence of mistake. United States v. McRae, 235 Fed. App'x 968 (4th Cir. 2007) (unpublished).

Petitioner filed the instant motion to vacate alleging various claims of ineffective assistance of trial and appellate counsel. Petitioner also claims that this Court erred in failing to give a jury instruction on multiple conspiracies; in holding Petitioner responsible for drugs attributable to Rodney Green; and in enhancing his sentence based on obstruction of justice and his leadership role in the offense. Finally, Petitioner contends that the Government engaged in prosecutorial misconduct by presenting the perjured testimony of Rodeny Green and in withholding information concerning Atonia Bailey's arrest for drug trafficking, and the fact that her state drug charges were dropped in exchange for her plea agreement.

## II.     LEGAL DISCUSSION

### A.     Standard of Review

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. Rule 2255, 28 U.S.C.A. foll. § 2255. If the motion is not dismissed after that initial review, the Court must direct the government to respond. Id. The Court must then review the

3

government's answer and any materials submitted by the parties to determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Upon review, the Court has concluded that a hearing is not required.

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to a judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying standard to motion to vacate). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

**B.    Ineffective Assistance of Counsel**

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91 (1984); see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In measuring counsel's performance, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. A petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption, and the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983).

To demonstrate prejudice, a petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his entire trial with error of

constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Furthermore, in considering the prejudice prong of the analysis, a court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). The petitioner "bears the burden of proving Strickland prejudice," Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)), and if a petitioner fails to meet this burden, a reviewing court need not consider the performance prong. Id. at 1290 (citing Strickland, 466 U.S. at 697).

1. Failure to Challenge the Arrest Without Probable Cause

Petitioner first argues that one of his attorneys, Mr. McKnight, was ineffective for failing to challenge his arrest, which Petitioner contends was made without probable cause. Petitioner argues that 10 months before trial, he specifically asked his counsel to file a motion to suppress or dismiss the indictment against him because he was illegally arrested without probable cause. Petitioner argues that his counsel failed to file the motion.

Probable cause to make a warrantless arrest exists as long as "the facts and circumstances within the arresting officer's knowledge are sufficient for a reasonable person to believe that a crime has been or is being committed by the person to be arrested." United States v. Miller, 925 F.2d 695, 698 (4th Cir. 1991). During Petitioner's trial, Agent Crum testified that prior to Petitioner's arrival and arrest in the Memphis airport, Immigration and Customs Enforcement ("ICE") agents knew that Petitioner was traveling to Memphis from Jamaica with Rodney Green, who had previously traveled to Jamaica many times and agents had recently seized $18,000 from him in the Miami airport. (Case No. 3:04cr223, Trial Transcript Vol. 1 at 98, 140). Agent Crum was also aware that Ms. Spears, who had previously traveled to Jamaica with Rodney Green,

5

was with Rodney Green and Petitioner in Jamaica and was traveling back from Jamaica on a different flight through Charlotte with two other women. Additionally, Ms. Spears had been with Mr. Green and another woman, Cheryl Turner, during a different trip to Jamaica when Ms. Turner was caught with Ecstasy Pills. (Id. at 98-102). Agent Crum testified that Petitioner was arrested after two of his three female co-conspirators, including Ms. Spears, had been detained and found to be carrying cocaine upon their return from Jamaica and after one of those co-conspirators, Antonia Bailey, reported to law enforcement officers in Charlotte that the cocaine she was carrying belonged to Petitioner. (Id., 102, 107, 182, 185, 550). The information known to law enforcement at the time they placed Petitioner under arrest, as established by Agent Crum, was sufficient to support probable cause to arrest Petitioner without a warrant.

To the extent that Petitioner asserts that his pre-arrest detention was unreasonably long, the evidence established that the agents acted reasonably in light of the totality of the circumstances they faced. Agents were conducting interviews with five different people in two different locations. The record reveals that shortly after landing in Charlotte, Antonia Bailey and Latia Harris were discovered with cocaine during the Customs and Immigration process and were arrested. Agents were aware by the time Petitioner landed in Memphis that the women in Charlotte had been discovered with cocaine on their bodies and had been arrested. (Id. at 102). When Petitioner landed in Memphis, he was referred to secondary for inspection. At secondary, Petitioner advised that his cousin, Rodney Green, purchased his ticket to Jamaica and also paid his expenses while in Jamaica. (Id. at 105). Petitioner was then detained in an office. During this time, Agent Crum discovered Ms. Bailey's home phone number in Petitioner's cell phone. (Id. at 107-09). Agent Crum also forwarded pictures of Petitioner and Rodeny Green to agents in Charlotte and Ms. Bailey identified Petitioner as the person who asked her to go to Jamaica

6

and who strapped the cocaine on her body. (Id. at 110-111, 182-185, 192). Petitioner was then arrested. This timeline shows that the agents in both locations acted reasonably, and there is no evidence of unreasonable delay. Because there was no error in the agents' actions, Petitioner cannot therefore establish that his counsel was deficient for failing to file a motion challenging the lawfulness of Petitioner's arrest.

2. Failure to Move to Suppress Cell Phone Evidence

Petitioner claims that his counsel was ineffective for failing to move to suppress evidence gathered from the illegal search and seizure of his cell phone and that appellate counsel should have argued a Fourth Amendment violation on appeal related to the seizure of his cell phone.[3] At trial, Agent Crum testified that he had Petitioner's consent before examining his cell phone. (Id. at 142). Agent Crum testified that when Petitioner withdrew his consent, he stopped searching and obtained a search warrant to permit further searching. (Id. at 141-42). Petitioner now denies that he gave consent to Agent Crum and argues that even if he did consent, such consent was not voluntary. And it was the search of his cell phone, Petitioner argues, that connected him to co-defendant Bailey.

The Government responds that even if the search had been conducted without Petitioner's consent, the information would eventually have been discovered as a result of Petitioner's arrest and the inevitable seizure of his cell phone. See Nix v. Williams, 467 U.S. 431, 444 (1984) (recognizing exception to exclusionary rule under which illegally seized evidence may be admitted if the Government can prove "by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means . . .").

---

[3] The Court has grouped these two claims as they are premised on the same legal argument.

The Government further argues, and this Court agrees, that the evidence presented based on the information gathered from Petitioner's cell phone was insignificant in comparison with the weight and probative value of the testimony of each of the co-conspirators who accompanied Petitioner to Jamaica.[4] (Case No. 3:04cr223, Trial Transcript Vol. 1 at 151-207, 251-291; 311-357; 358-436). Therefore, even if this Court assumes that counsel was deficient for failing to file a motion to suppress the cell phone evidence, Petitioner has not established prejudice because, based on the other evidence admitted at trial, there is no reasonable probability that the result of the trial would have been different.

    3.  <u>Failure to Move to Suppress Petitioner's Statements</u>

Petitioner contends that his trial counsel was ineffective for failing to move to suppress his statements as having been made without having been advised of his <u>Miranda</u> rights.[5] Petitioner argues that his counsel sought to have his statements excluded at trial but did not succeed because the Court determined that Petitioner had waived his rights to challenge the admissibility of the statements by failing to file a motion to suppress. This is incorrect. The record establishes that during trial, counsel challenged the admissibility of Petitioner's statements claiming that Petitioner "never made [the] statements at all." (<u>Id</u>. at 104). Government counsel noted that Petitioner had not filed a motion to suppress the statements; however, in denying counsel's motion to exclude, the Court made no mention of the absence of a pre-trial motion to suppress. (<u>Id</u>.)

---

[4] Indeed, the Fourth Circuit stated that there was "overwhelming evidence" of Petitioner's guilt. <u>United States v. McRae</u>, 235 Fed. App'x 968, 970 (4th Cir. 2007).

[5] Petitioner presents nearly identical arguments related to the admission of his statements in violation of the Fifth Amendment as to both trial counsel's performance and appellate counsel's performance.

With respect to whether there was a sound basis for challenging the admissibility of the statements purportedly made without Miranda warnings, Agent Crum testified that the Petitioner's statements were made to him during an interview with Petitioner upon his return to the United States from Jamaica and during the customs re-entry process. Prior to his interview with Agent Crum, Petitioner insisted that he was aware of his rights. (Id. at 549). Agent Mensinger explained to Petitioner that he did not have to answer any questions, that a lawyer would be appointed to represent him if he could not retain one, and that he should not answer any questions if he could not answer them truthfully. (Id. at 549, 554). This is not a formal explanation of his rights pursuant to Miranda, but Petitioner was at least informed of some of his rights consistent with Miranda warnings. But even if Petitioner was not informed of his Miranda rights, and his counsel was ineffective for failing to file a motion to suppress his statements made in violation of Miranda, Petitioner has not established that he was prejudiced by the admission of these statements at trial. Petitioner admitted that he knew Ms. Bailey and that he had seen cocaine in the bungalow in Jamaica, but he denied any connection with the cocaine smuggling, stating that it was Mr. Green's endeavor, and that he had done nothing wrong. (Id. at 550-53). However, Petitioner's co-conspirators testified directly to his involvement and participation in the conspiracy, from helping to arrange the travel to taping the cocaine onto Ms. Bailey's legs before her departure from Jamaica. (Id. at 159-164; 170-175). As stated by the Fourth Circuit, there was overwhelming evidence of Petitioner's guilt. McRae, 235 Fed. App'x at 970. Petitioner has thus not established that he was prejudiced by the admission of his statements, and so his claim must fail.

    4.  Failure to Object to Prior Drug Use and Transactions

Petitioner argues that his counsel was ineffective for failing to object to the

9

Government's use of his prior drug transactions and prior drug use under Federal Rule of Evidence 404(b). However, a review of the record establishes that counsel did object to the admission of Mr. Bailey's testimony regarding Petitioner's prior sales of marijuana but that this Court overruled such objection. (Id. at 157). Moreover, on appeal, Petitioner raised the issue that the Court abused its discretion in admitting character evidence in violation Rule 404(b), but the Fourth Circuit held that the admission of evidence about Petitioner's prior drug transactions was admissible as evidence of his absence of mistake and state of mind. McRae, 235 Fed. App'x 968 at 970. The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a Section 2255 motion in the absence of a favorable, intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Accordingly, because the Fourth Circuit has determined that this Court's ruling that the admission of evidence about Petitioner's prior drug transactions was admissible, Petitioner cannot establish either prong of the Strickland, test and his claim of ineffective assistance of counsel must be dismissed.

        5.        Failure to Argue a Variance Between the Indictment and the Evidence

Petitioner argues that his appellate counsel was ineffective for failing to argue a variance between the indictment and the evidence, and that his trial counsel was ineffective for failing to ask for a multiple conspiracy instruction.[6] Specifically, Petitioner contends that the indictment

---

[6] Petitioner's claims five, six, and sixteen all address the alleged variance between the indictment and the evidence on the basis that the evidence proved multiple conspiracies and not

charged a single conspiracy, but the evidence at trial proved several different conspiracies.

In assessing whether the Government proved a single conspiracy versus multiple conspiracies, the Fourth Circuit explained that a "single conspiracy exists, when the conspiracy had the same objective, it had the same goal, the same nature, the same geographic spread, the same results, and the same product." United States v. Jeffers, 570 F.3d 557, 567 (4th Cir. 2009) (quoting United States v. Johnson, 54 F.3d 1150, 1154 (4th Cir. 1995)); see also United States v. Nunez, 432 F.3d 573, 578 (4th Cir. 2005) (recognizing that whether there is a single conspiracy or multiple conspiracies depends on the overlap of key actors, methods, and goals). In refuting a challenge to the sufficiency of the evidence establishing a single conspiracy charge based only on proof of buy-sell transactions, the Fourth Circuit held that "it is not necessary to proof of a conspiracy that it have a discrete, identifiable organizational structure." United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). The court recognized further that the requisite agreement to act in concert frequently "contemplates and results in only a loosely-knit association of members linked only by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market." Id. at 1054. Thus, even evidence that parallel suppliers or street dealers competed for supplies or customers does not disprove "either the existence of a single conspiracy to achieve the overall results of their several efforts, or the participation of particular ones of them in that conspiracy." Id.

In the instant case, the evidence established a single conspiracy. While Mr. Green may have been importing cocaine before the Petitioner became involved, the evidence at trial related almost exclusively to the events of August 20-24, 2004, and the trip to Jamaica by the five

---

a single conspiracy. The Court considers these claims together.

individuals who participated in the conspiracy on those dates. This evidence established a single conspiracy, not multiple conspiracies, the object of which was to purchase cocaine in Jamaica and transport it into the United States using female couriers. Because the evidence supported the instruction on a single conspiracy, and there was no variance between the indictment and the evidence at trial, Petitioner's appellate counsel was not deficient for failing to argue a variance, nor was his trial counsel deficient in failing to ask for a multiple conspiracy instruction.

      6.      <u>Failure to Challenge Indictment</u>

Petitioner argues that his appellate counsel was ineffective for failing to raise on appeal the fact that a police officer was sitting on the grand jury that indicted Petitioner. However, "[n]ot every deficiency in a grand jury proceeding requires dismissal of an indictment." <u>United States v. Hefner</u>, 842 F.2d 731, 733 (4th Cir. 1988). At trial, the undersigned denied defense counsel's motion to dismiss the indictment based upon that fact, noting that although there was a technical violation of the Jury Selection Act there was not a substantial failure to comply with the Jury Selection Act of Title 18 U.S.C. § 1863. (Case No. 3:04cr223, Trial Transcript Vol. 1 at 139). Additionally, as previously noted, the Fourth Circuit found that there was overwhelming evidence of Petitioner's guilt presented at trial. There is no indication here that the police officer sitting on the grand jury tainted the proceedings, so Petitioner has not established prejudice under <u>Strickland</u> and his claim must fail. <u>See</u> <u>Hefner</u>, 842 F.2d 731 (affirming defendant's conviction after indictment by grand jury even though the foreman of the grand jury was unqualified to serve as a juror: "Although the foreman was ineligible to serve on the grand jury, automatic reversal is not required in the absence of a showing of prejudice").

      7.      <u>Failure to File a Motion for a New trial</u>

Petitioner contends that his counsel, Ms. Shafer, was ineffective for failing to file a

motion for a new trial under Federal Rule of Criminal Procedure 33 on the basis of newly discovered evidence. Specifically, Petitioner argues that while he was in a holding cell awaiting sentencing, Rodney Green admitted to lying during Petitioner's trial.

Ms. Shafer submitted an affidavit in connection with this claim in which she states that any evidence that Mr. Green lied under oath would have been impeachment evidence only and would not have undermined the wealth of other evidence of Petitioner's guilt. (Doc. No. 18-2: Shafer Affidavit). To the extent that this Court assumes Ms. Shafer was deficient for failing to file a motion for a new trial, Petitioner cannot establish prejudice because even if counsel had been able to establish that Mr. Green lied under oath, that testimony would not have impugned the testimony of Ms. Bailey, Ms. Harris, or Ms. Spears, all of whom implicated Petitioner consistently from the very first time they were questioned. Because there is no prejudice under Strickland, this claim must fail.

    8.  <u>Failure to Request Jury instruction regarding Rule 404(b) Evidence</u>

Petitioner argues that trial counsel was ineffective for failing to request an instruction to the jury concerning how it was permitted to use evidence that the Court had admitted pursuant to Federal Rule of Evidence 404(b). Even if the Court assumes deficiency, Petitioner cannot establish prejudice because the evidence of prior bad acts was a small part of the case against Petitioner. Indeed, the Fourth Circuit concluded that even if the district court erred in admitting testimony of the prior acts, the admission was harmless in light of the overwhelming evidence of Petitioner's guilt at trial. <u>McRae</u>, 235 fed. App'x at 970. Therefore, this claim fails.

    9.  <u>Failure to Request Speedy Trial</u>

Petitioner claims that his trial counsel, Mr. McKnight, failed to protect Petitioner's rights by not insisting on a speedy trial as Petitioner claims to have requested. Mr. McKnight denies

Petitioner's allegation that he requested a speedy trial and states that until Mr. Green decided - within days of Petitioner's trial - to not go to trial and to testify against Petitioner, Petitioner had never requested that Mr. McKnight enforce his rights to a speedy trial or otherwise complained about the pace of trial preparations. (Doc. No. 18-1: Knight Affidavit). Mr. McKnight also states in his affidavit that discovery in the instant case was voluminous, and that he used the time while Petitioner was awaiting trial to review the discovery in preparation for trial. (Id.) Counsel's affidavit can be read to establish that Petitioner was not prejudiced by any delay in his trial as counsel needed the time to review the voluminous discovery so that he could be prepared for trial. Additionally, while it appears that Petitioner may believe that Mr. Green decided to plead guilty just before the trial due, in part, to the pace of the trial preparation, it is just as likely that the impending trial – whenever it had occurred – would have been enough to convince Mr. Green to cooperate with the government. Finally, the Court notes that of the five continuances sought, three were filed with the Petitioner's consent. (Case No. 3:04cr223, Doc Nos. 46, 86, and 120).[7] Petitioner has not established either deficiency or prejudice with respect to this claim and therefore, his claim must fail.

          10.     Failure to Subpoena Key Witnesses

Petitioner contends that Mr. McKnight failed to secure Meonia Johnson at trial and failed to subpoena witnesses, including Amber Tinsley, Lennisha Swenney, and Gia Lynch. These three woman, he argues, could have testified that the purpose of the trip was for stripping and not for brining drugs back.

With respect to Meonia Johnson, the record reflects that counsel moved for a continuance

---

[7] The last request, made by the Petitioner just days before trial, was denied.

of the trial based on the fact that Ms. Johnson was due to give birth and was unable to travel to attend Petitioner's trial. (Case No. 3:04cr223, Trial Transcript Vol. 1 at 6.) The Court denied counsel's motion. (Id. at 10). Petitioner's counsel cannot be considered deficient for failing to secure Ms. Johnson's presence at trial when the record reflects that she was unable to attend the trial due to her pregnancy, and counsel moved for a continuance of the trial so she could attend. Petitioner has not established that his counsel was deficient as is required under Strickland, so this claim must fail.

With respect to the other three women, Petitioner agues that his counsel was ineffective for failing to subpoena these witnesses who would have testified that the purpose of the trip was to strip and not to bring drugs back into the United States. The record establishes that at least one of these three women – Amber Tinsley – testified at Petitioner's trial that Petitioner told her that his cousin was offering girls $3,000.00 to go to Jamaica to strip. (Id. at 470). The record is clear that at least one of the witnesses Petitioner claims was not subpoenaed did, in fact, testify for the Petitioner at his trial that she had been offered $3000.00 to go to Jamaica to strip; therefore, Petitioner cannot establish any prejudice for his counsel's failure to subpoena this witness. Further, he cannot establish prejudice for his counsel's failure to subpoena Ms. Swenny or Ms. Lynch because the information to which he contends they would have testified – i.e. that the purpose of the trip to Jamaica was to strip – was brought out by the testimony of Ms. Tinsley. This claim must fail.

### C. Remaining Claims are Procedurally Defaulted and/or Procedurally Barred

Petitioner contends that the government engaged in prosecutorial misconduct when it knowingly suborned the perjured testimony of Rodney Green and when it withheld information concerning Atonia Bailey's arrest and the fact that her state drug charges were dropped in

15

exchange for her plea agreement. Petitioner also asserts several errors by this Court including that: (1) this Court failed to give the jury an instruction as to how to use evidence admitted under Rule 404(b); (2) this Court erred in failing to instruct the jury on multiple conspiracies; and (3) this Court erred in enhancing his sentence on the basis of obstruction of justice and his leadership role in the offense.

Petitioner did not raise any of these issues on direct appeal. Petitioner's claims are therefore procedurally defaulted in that these claims could have been, but were not, raised on direct appeal. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). In order to collaterally attack a conviction or sentence based upon errors that could have been, but were not, pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent. See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). In this case, Petitioner has not met his burden in establishing cause for failing to raise these claims on direct appeal nor has he asserted actual innocence. Thus, Petitioner has defaulted these claims and is barred from collateral review.

Next, Petitioner challenges this Court's calculation of his base offense level and its determination of drug quantity for which Petitioner was held responsible for purposes of sentencing. Petitioner did raise this claim on direct appeal, and the Fourth Circuit concluded that "[f]rom the evidence presented at trial, it was reasonable for the district court to find that [Petitioner] was responsible for more than five kilograms of cocaine during his involvement in the conspiracy." McRae, 235 Fed. App'x at 969. As discussed above, the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."

16

Bell, 5 F.3d at 66. Issues previously decided on direct appeal cannot be recast in the form of a Section 2255 motion in the absence of a favorable, intervening change in the law. Davis, 417 U.S. at 342; Boeckenhaupt 537 F.2d at 1183. Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally barred.

**IT IS, THEREFORE, ORDERED that:**

1. The Government's Motion for Summary Judgment (Doc. No. 19) is **GRANTED**;

2. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED and DISMISSED**.

3. Petitioner's Motion for Evidentiary Hearing (Doc. No. 24) is **DENIED as moot**.

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2);Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: March 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge