IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08–cv-219-RJC
(3:04-cr-223-RJC-2)

| | |
|---|---|
| MADISON DUANE McRAE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), (Doc. No. 49), and his Motion for Entry of Default, (Doc. No. 50). For the reasons that follow, Petitioner's motion will be dismissed as an unauthorized, successive Motion to Vacate under 28 U.S.C. § 2255.

**I.     BACKGROUND**

On September 14, 2005, Petitioner was convicted by a jury of crimes related to a conspiracy to possess with intent to distribute cocaine. (Case No. 3:04-cr-223, Doc. No. 133: Verdict). On June 20, 2006, the Court entered Judgment sentencing Petitioner to 210 months' imprisonment on each of four counts to run concurrently. (Id., Doc. No. 189: Judgment at 1-2). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit which upheld his convictions and sentences on May 30, 2007. (Id., Doc. No. 202: Opinion). On May 1, 2007, Petitioner filed a Motion to Vacate under § 2255. (Doc. No. 1). The Court dismissed the motion,

1

(Doc. No. 39: Order), and the Fourth Circuit dismissed Petitioner's appeal of that order, (Doc. No. 47: Opinion). The Supreme Court subsequently denied Petitioner's request for a writ of certiorari. (Doc. No. 49: Motion at1).

In the instant motion, Petitioner attacks the Court's decision to dismiss his § 2255 action. Thus, the Rule 60(b) motion is simply a successive § 2255 motion attacking the criminal Judgment by which he is incarcerated. United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). Therefore, this Court is without jurisdiction to entertain the merits without authorization from the Fourth Circuit.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by [Section 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See also § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition. Accordingly, this petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (failure of petitioner to obtain authorization to file a second or successive petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place."); United States v. Dudley, No. 12-7927, 2012 WL 765721, at *1 (4th Cir. Mar. 1, 2013) (district court obligated to dismiss unauthorized successive § 2255 motion).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), (Doc. No. 49), and his Motion for Entry of Default, (Doc. No. 50) are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge